**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No: 1:13-cv-00475-MSK-BNB

NATURALLY CAFFEINATED, INC.,
and LEAH GARCIA, an individual,
     Plaintiffs

  v.

CONTOUR TECHNOLOGY, LLC, a Minnesota
limited liability company and,
SHAUN NUGENT, an individual residing in
Minnesota
     Defendant

---

**STIPULATED PROTECTIVE ORDER**

---

**PROTECTIVE ORDER GOVERNING CONFIDENTIALITY**

~~IT IS HEREBY STIPULATED by the parties through their respective counsel of record that, pursuant to pursuant to Fed. R. Civ. P. 26(c), the following protective order be entered by the Court:~~

**Good cause having been shown, IT IS ORDERED:**

1. This Stipulated Protective Order Governing Confidentiality ("Protective Order") shall apply to all information, materials, or things subject to discovery in this action, ("Discovery Material") including, without limitation, documents, testimony, and responses provided pursuant to the Federal Rules of Civil Procedure, which contain proprietary, confidential, or commercially sensitive information. As used herein, the term "Party" shall mean the named parties in this Action.

2. Documents and information obtained by or made available to either Party outside of this lawsuit by means other than through the formal discovery provisions of the Federal Rules

-1-

of Civil Procedure or analogous provisions of state or foreign law shall not be subject to this Protective Order, neither shall documents or information in the public domain (previously available or at some future point made available to the general public without violation of this Protective Order) be so designated. Furthermore, nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the designating Party consents in writing to such disclosure or if the Court allows such disclosure as provided for in Paragraph 18.

3. The Discovery Material may be designated in appropriate circumstances as "CONFIDENTIAL" only after the Discovery Material is reviewed by a lawyer and the "CONFIDENTIAL" designation is based on a good faith belief that the information is confidential or otherwise entitled to protection. The "CONFIDENTIAL" designation shall be used for confidential technical and business information that could provide a competitive advantage to third parties and financial information. The identification of Discovery Material with this designation is referred to herein as "Confidential Designation" or "Designated Pursuant To This Protective Order."

4. Any party (including any third party not named in this action) that is required to produce materials or information in discovery in this case may make Confidential Designations on material for which the producing party believes, in good faith, there is good cause for confidential treatment.

5. The Confidential Designation of documents and other information need not be made prior to the inspection of such documents or other information by the receiving Party, but shall be made at or prior to the finishing of copies (or, in the case of a deposition transcript, within fourteen (14) days of receiving the deposition transcript, as described more fully in Paragraph 17, infra) by affixing to them a stamp bearing the words "CONFIDENTIAL" in a location that makes the designation readily apparent. The Confidential Designation may also be affixed to any documents generated in the course of this litigation, including portions of briefs, memoranda, or any other writings filed with the Court, that mentions, discusses, or comments upon any material with a Confidential Designation.

6. A Party shall have the right to request Confidential Designation for documents called for by subpoena to a third party, in cases where the documents were provided by the Party to the third party pursuant to an agreement that the information was being provided on some variation of a confidential basis, provided such request is made to the third party, and copied to the Party that issued the subpoena within fourteen (14) days of production of the documents to the requesting Party or its counsel.

7. Unless otherwise ordered by the Court, all information, materials or things with a Confidential Designation shall be held by the receiving Party solely for use in connection with, and only as necessary to, this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose including, without limitation, any other litigation in any jurisdiction, or any business, governmental, or regulatory purpose or function, except as may be subpoenaed by any court, administrative, or legislative body. In the event that the receiving Party makes copies of any of the information, materials or things identified by a Confidential Designation for use in connection with this litigation, then the receiving Party shall ensure that all such copies bear the same legend as the originals from which such copies were made.

8. If documents marked with a Confidential Designation are called for by court order, government writ, or in a subpoena by someone not a party to this action, the Party to whom the demand is directed shall promptly given written notice thereof to each Party that has designated the documents and shall cooperate to allow a concerned Party to have an opportunity to object to the production of such documents in response to the demand.

9. **Any request to restrict access to materials filed with the Court must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~Material filed with the Court that has been Designated Pursuant To This Protective Order for any purpose shall be as a Restricted Document, covered by a caption page marked with the following statements, whicever is appropriate:~~

~~"FILED UNDER LEVEL 1 RESTRICTION~~

~~CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"~~

~~For the convenience of the parties and the Court, a Party that files a paper containing or attaching any material Designated Pursuant To This Protective Order may file the entire paper under LEVEL 1 RESTRICTION. If either Party fails to file under seal any protected documents or information, the producing party or either Party claiming the confidentiality of the documents or information may request that the Court place the filed documents or information as a RESTRICTED DOCUMENT.~~

10. If either Party required to produce documents or other information inadvertently produces any material properly entitled to a Confidential Designation without marking it with the appropriate legend, the producing Party may give written notice to the receiving Party or Parties, including appropriately designed and stamped copies of the material, that the document or information is deemed Designated Pursuant To This Protective Order and should be treated as such in accordance with the provisions of this Protective Order. Upon notification of the Confidential Designation of the document or other information, the receiving Party shall use its best efforts to collect all copies of the inadvertently-produced document or other information from persons not entitled to access to such document or information had it been properly designated, and the document or other information shall thereafter be treated as if it had been timely Designated Pursuant To This Protective Order. If the receiving Party is subject to excessive costs or burden in connection with undertaking to comply with this paragraph, then the producing Party shall reimburse the receiving Party for the reasonable expenses incurred in connection therewith. In no event shall the inadvertent disclosure by the producing party of documents or other information without the appropriate Confidential Designation legend be deemed to be a waiver in whole or in part of the producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or a related subject.

11. The term "Independent Expert" shall be defined as any non-employee a Party may deem it useful to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof.

12. Except with the prior written consent of the Parties or upon prior order of the Court obtained upon noticed motion, material designated as "CONFIDENTIAL" shall not be shown, delivered, or disclosed to any person other than:

(a) The Parties' U.S. litigation counsel of record in this case and any employees of such counsel's firm ("Outside Counsel of Record");

(b) In-house counsel for any Party, as well as business people who are advising a Party. This includes paralegals, clerical, secretarial and administrative employees of such individuals assigned to assist in the preparation of this litigation. The parties reserve the right upon written notice to replace an above-listed Party designee whose job duties change with another designee with similar job duties;

(c) Employees of any professional photocopy service or other litigation support service utilized by counsel in the preparation of this litigation;

(d) Any author, recipient (actual or alleged), or producing party of such "CONFIDENTIAL" material;

(e) The Court and any persons employed by the Court whose duties require access to such material;

(f) Any Independent Expert retained to assist in the preparation of this case or to testify at trial or any other proceeding in this action, provided the documents disclosed pertain to the expected testimony of the Independent Expert and the disclosing Party complies with Paragraph 14. This includes stenographic and clerical employees associated with such person;

(g) Court reporters and other persons involved in recording deposition testimony in this action, by any means, and

(h) Any person asked, by joint request of the parties, to provide mediation or other jointly requested consulting services.

13.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

14.     The procedure for Outside Counsel of Record desiring to reveal material Designated Pursuant To This Protective Order to any of the persons referred to in Paragraphs 12(f) above shall be as follows:

(a)     The Party seeking to reveal such material Designated Pursuant To This Protective Order shall, at least seven (7) business days prior to disclosure of such material to such persons, provide by facsimile or via email the following information to the designating Party:

        (i)       The name and residential address and phone number of the person to whom the Party desires to reveal material Designated Pursuant To This Protective Order; and

        (ii)      A curriculum vitae, including the name of the present employer and job title of the person.

In addition, the Party seeking to reveal material Designated Pursuant To This Protective Order shall obtain a signed Undertaking, in the form attached hereto as Exhibit A, from such person, stating that the person has read this Protective Order, understands its provisions, agrees to be bound thereby, and agrees to be subject to the jurisdiction of this Court in any proceedings relative to enforcement of the Protective Order and provide such Undertaking to the designating Party. Outside Counsel of Record shall maintain a complete record of every original signed Undertaking obtained from any person pursuant to this Paragraph.

    (b)      Within seven (7) business days of being sent the information and Undertaking described in Paragraph 14(a) (the "Objection Period"), the designating Party may object by facsimile to the disclosure of material Designated Pursuant To This Protective Order to the person to whom the non-designating Party seeks to disclose such material (the "Objection") if the designating Party believes that there is a reasonable likelihood that such person:

        (i)       May use the material Designated Pursuant To This Protect Order for purposes other than the preparation or trial of this case; or

        (ii)      Possesses confidential information of the designating Party.

Failure to send by facsimile an Objection within the Objection Period shall be deemed a consent to such disclosure.

    (c)      If a timely Objection is not resolved by the Parties within the seven (7) business days following the sending of the Objection, the Party **objecting to the disclosure of the** ~~desiring to disclose~~ information ~~may file~~ **shall file within ten days** a motion with the Court with respect to such Objection. **If such a motion is timely filed, the material shall be withheld until a written resolution of the Objection by the Parties, or the ruling of the Court on any such motion. If the objecting party fails to file such a motion within the**

**prescribed time, the materials may be disclosed to the person subject to this Protective Order and the signed Undertaking.** ~~The disclosure of material Designated Pursuant To This Protective Order to the person objected to shall be withheld until a written resolution of the Objection by the Parties, or the ruling of the Court on any such motion.~~

15. The procedure for Outside Counsel of Record desiring to reveal material Designated Pursuant To This Protective Order to any of the Party employees referred to in Paragraph 12(b) above shall be as follows:

Prior to disclosing any "CONFIDENTIAL" information to said employee, the Party seeking to reveal material Designated Pursuant To This Protective Order shall obtain from said employee a signed Undertaking, in the form attached hereto as Exhibit A, from such person, stating that the person has read this Protective Order, understands its provisions, agrees to be bound thereby, and agrees to be subject to the jurisdiction of this Court in any proceedings relative to enforcement of the Protective Order. Outside Counsel of Record shall maintain a complete record of every original signed Undertaking obtained from any person pursuant to this Paragraph.

~~16. The Parties shall meet and confer, substantially in advance of any hearing or trial in which a Party reasonably believes that material Designated Pursuant To This Protective Order or filed as a restricted document may be disclosed, to stipulate to or propose alternative methods for preserving the confidentiality provided by this Protective Order. Until otherwise agreed by the Parties or ordered by the Court, this Protective Order shall remain in effect during any such hearing or trial.~~

17. Either Party wishing to designate deposition testimony or documents submitted as exhibits to a deposition pursuant to this Protective Order as "CONFIDENTIAL" may do so on the record during the deposition, at which time only persons designated in Paragraph 12(b) may remain in attendance until that portion of the deposition is concluded. In addition to designating testimony during the deposition, within fourteen (14) days after receipt of the deposition

transcript, a designating party may provide written notice of the designation (by page and line, or by exhibit number) to the Parties and any other affected person(s).

Any portions of any deposition transcripts designated by a Party as "CONFIDENTIAL" shall be bound separate from the remaining portions of the transcript and shall be so identified, and so treated subsequently by the parties and their counsel.

18. ~~Unless and until otherwise ordered by the Court or agreed to in writing by the Parties, all material Designated Pursuant To This Protective Order shall be treated in accordance with its designation and shall not be disclosed except under the terms of this Protective Order.~~

(a) ~~In the event that either Party objects to the designation of any document or other material, at any time such Party may, in writing, ask the designating Party to remove or change the designation. Such written request shall specifically identify the document or other material at issue.~~

(b) ~~The designating Party shall respond in writing within seven (7) business days of receipt of the written request, or within such other period of time as may be designated by order of the Court or agreed to by the parties. If the designating Party refuses to remove or change the designation as requested, its written response shall state the reasons for this refusal. Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a refusal of the request.~~

(c) ~~If the designating Party fails to respond to a request or refuses to remove or change the designation, the Party requesting re-designation shall have ten (10) days from when the response was due to file a motion seeking such re-designation. It shall be the burden of the designating Party under such circumstances to establish that the information is correctly designated within the meaning of this Protective Order.~~

(d) ~~In the event of such a motion, the material at issue may be submitted to the Court for in camera inspection.~~

19. Any inadvertent production of documents or other material containing privileged information ("Inadvertently Produced Privileged Document") shall not be deemed to be a waiver

of the attorney-client privilege, work-product doctrine, or any other applicable privilege or doctrine. Each Party specifically reserves the right to demand the return of any Inadvertently Produced Privileged Document pursuant to the following protocol:

    (a)    the producing Party may, at any time before the commencement of the trial, but in no event later than fifteen (15) calendar days after the document is first marked as a deposition exhibit or identified as a potential trial exhibit, request the return of the Inadvertently Produced Document. Such a request must be made in writing and must identify the basis for the privilege claimed.

    (b)    If the Party that received the Inadvertently Produced Document agrees that it is privileged or protected (without regard to the fact that it was in fact produced voluntarily, if inadvertently), then, where reasonable and at the other Party's expense, the Inadvertently Produced Document and all copies shall promptly be returned to the producing Party or destroyed, and no reference to such document shall be made in any way during the course of this litigation and any appeal.

    (d)    If the Party that received the Inadvertently Produced Document does not agree that such document is privileged, produced inadvertently, or otherwise protected from disclosure, then it shall promptly notify the producing Party in writing so that the producing Party may seek an appropriate protective order. If the producing Party notifies the receiving Party of its intent to move for such a protective order, the Party that received the Inadvertently Produced Document shall not make any use of such disputed document, including, without limitation, the use of that document as a deposition exhibit, trial exhibit, or evidence in support of a pleading, brief, motion or other filing, until the issue of privilege is resolved.

20.    This Protective Order shall not constitute a waiver of either Party's rights under the Federal Rules of Civil Procedure or the Local Rules of this Court.

21.    No later than 45 days after the final adjudication of this action, including any appeals, and upon written request by a designating Party, all materials Designated Pursuant To This Protective Order shall be returned to the designating Party or shall be destroyed, unless a

motion seeking modification of this Protective Order is filed. In the event that such materials are destroyed, the person or persons responsible for such destruction shall certify in writing to the completion and manner of destruction. This provision shall not apply to file copies of pleadings, briefs, abstracts, synopses and correspondence maintained by the Parties' counsel in their respective litigation files in the ordinary course of business.

22. Nothing in this Protective Order shall (a) limit any producing Party's use of its own documents, (b) limit the non-designating Party's use of any material Designated Pursuant To This Protective Order in any deposition examination of any employee of the designating Party or of an Independent Expert retained by the designating Party, or (c) prevent any producing Party from disclosing information Designated Pursuant To This Protective Order to any person in the manner set forth in this Protective Order.

23. This Order shall remain in effect and govern the parties even after resolution of this case and any appeals. The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate. Either Party may make a request to the Court for any reasonable amendment to this Protective Order to facilitate the efficient and appropriate handling of Confidential Information.

Dated May 1, 2013.

BY THE COURT

s/ Boyd N. Boland

United States Magistrate Judge

**IT IS SO STIPULATED.**

DATED: May 1, 2013                                    JAHN & ASSOCIATES, LLC

                                                                              s/Kirstin M. Jahn
                                                                              1942 Broadway Suite 314
                                                                              Boulder, CO 80302
                                                                              303-545-5128
                                                                              Kirstin@jahnlaw.com

                                                                              Attorneys for Plaintiffs


                                                                              THE COHEN LAW GROUP, P.C.

                                                                              s/Mark Cohen
                                                                              110 Snyder Street, 2nd Floor
                                                                              P.O. Box 617
                                                                              Nederland, CO 80466
                                                                              303-258-0561
                                                                              mark@cohenslaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No: 1:13-cv-00475-MSK-BNB

NATURALLY CAFFEINATED, INC.,
and LEAH GARCIA, an individual,
                Plaintiffs

      v.

CONTOUR TECHNOLOGY, LLC, a Minnesota
limited liability company and,
SHAUN NUGENT, an individual residing in
Minnesota
                Defendant

---

**STIPULATED PROTECTIVE ORDER**

---

## UNDERTAKING

    I, _____, hereby certify that I have read the Protective Order Governing Confidentiality (the "Order") entered in the above-captioned case on _____, 200\_, and that I understand the terms, conditions, and 'restrictions it imposes on any person given access to "CONFIDENTIAL" materials. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms.

    I will not disclose "CONFIDENTIAL" materials to anyone other than persons specifically authorized by the Order and agree to return all such materials that come into my possession to counsel from whom I received such materials.  I hereby consent to be subject to the personal jurisdiction of the United States District Court for the District of Nevada with respect to any proceedings relative to the enforcement of the Order, including any proceeding related to contempt of Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Undertaking is executed this _____ day of_____ 200\_, at _____.

_____
Signature (Name)_____

_____
Home Address

_____
Email

_____
Employer/Business

_____
Job Title/Description